Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Decision and Order of the Deputy Commissioner as follows:
Based upon the competent evidence from the record herein, the Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. This matter involves a personal injury claim for failure to provide adequate medical care for plaintiff's underlying sickle cell anemia because of the delay of the unit nurse, Charles Wright, in providing the pain medication, Toradol, requested for relief of a painful episode of the same condition.
2. At approximately 7:30 p.m. on May 13, 1994 the nurse on duty, Charles Wright, received a call from the unit requesting the pain medication, Toradol, for plaintiff to provide him relief of a painful episode of his underlying sickle cell anemia that he had begun experiencing. Because there was not a standing order in plaintiff's medical chart allowing the same medication to be prescribed as needed in the event plaintiff experienced a painful episode of his underlying sickle cell anemia, Charles Wright did not have the authority without a physician's approval to prescribe Toradol and as a result recommended that plaintiff take two Tylenol and after seeing whether that improved his condition to call back. Plaintiff, however, refused to take the Tylenol and only three to five minutes later before the Tylenol could have taken any effect had he even taken it, arrived at the unit infirmary demanding that Charles Wright prescribe Toradol for him. Although plaintiff had previously been prescribed Toradol for painful episodes of his underlying sickle cell anemia; he had also been prescribed a number of other anti-inflammatory and analgesic medications, including Ibuprofen, and as a result when plaintiff arrived at the infirmary Charles Wright offered him 600 milligrams of Ibuprofen, which he was able to prescribe without a physician's approval and explained he did not have the authority to prescribe Toradol, but plaintiff refused to take the Ibuprofen.
3. Charles Wright then attempted to contact the unit physician, Dr. Land, to see if he would prescribe Toradol requested, but was unable to contact him. When he could not contact Dr. Land; the unit nurse called Central Prison and ultimately a doctor from there called him back authorizing a prescription of Toradol. Upon receiving authorization for Toradol; Charles Wright immediately gave some to plaintiff and within 15 to 20 minutes later he experienced a significant improvement in his symptoms.
4. For the reasons stated in the above Findings of Fact, the unit nurse did not breach his duty to provide plaintiff with timely and adequate care for his episode of painful sickle cell anemia by refusing to provide the Toradol demanded until the same medication was authorized by a physician only then allowing him to give it to plaintiff. In the interim until he was able to obtain a physician's authorization for Toradol Charles Wright did attempt to provide timely and adequate medical care for plaintiff's painful episode of sickle cell anemia by prescribing some of the other types of medications that he had previously received for similar episodes and were available without a physician's authorization, which plaintiff unjustifiably refused to take.
*************
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSION OF LAW
At the time complained of there was no actionable negligence on the part of the unit nurse, Charles Wright, or any other named, or unnamed employee, servant or representative of defendant North Carolina Department of Correction proximately resulting in the personal injury claimed; but rather, plaintiff did at all times receive timely and adequate medical treatment commensurate with the nature of his symptoms and the ability of the unit nurse to treat them.
**************
Based upon the foregoing findings of fact and conclusion of law the Full Commission enter the following
ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover nothing from the defendant and that his claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
This the _________ day of September, 1995.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
BSB:md